**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>                 v.<br><br>COBB COUNTY, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-5078-SDG |
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>                 v.<br><br>STATE BAR OF GA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-5095-SDG |
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>                 v.<br><br>GEORGIA DEPARTMENT OF BEHAVIORAL<br>HEALTH AND DEVELOPMENTAL<br>DISABILITIES, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-5207-SDG |
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>                 v.<br><br>NORTH COUNTY, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-5307-SDG |

RONALD MARK CLARK,
     Plaintiff,

        v.

SOCIAL SECURITY ADMINISTRATION, *City of Lancaster, California*,
     Defendants.

Civil Action No.
1:22-cv-0015-SDG

## OPINION & ORDER

This matter is before the Court on several motions and applications to proceed *in forma pauperis* on appeal filed by Plaintiff Ronald Mark Clark in the five above-styled actions.[1] For the following reasons, all pending requests in these cases are **DENIED**.

## I. Background

Since August 2021, Clark, an inmate at Coastal State Prison in Garden City, Georgia, has filed at least sixteen federal court actions and appeals. Some time ago, Clark ran afoul of the "three-strikes" provision of 28 U.S.C. § 1915(g) for his repeated frivolous filings. The five above-styled, unrelated cases all raise different

---

[1] Case No. 1:21-cv-5078-SDG, ECFs 19, 27; Case No. 1:21-cv-5095-SDG, ECFs 12, 20, 22; Case No. 1:21-cv-5207-SDG (appeal dismissed for lack of jurisdiction), ECFs 16, 24; Case No. 1:21-cv-5307-SDG (appeal dismissed for lack of jurisdiction), ECF 12, 20; Case No. 1:22-cv-0015-SDG (appeal dismissed for lack of jurisdiction), ECFs 12, 13, 21, 22. For ease of reference, the Court refers to specific cases by their last four digits. For example, the Court denotes 1:21-cv-5078-SDG as the 5078 Case, and so on.

claims against different defendants, and they have been dismissed for a variety of reasons. Nonetheless, Clark has filed a single motion for reconsideration on which he put the case numbers for the five cases such that the one motion seeks reconsideration in all of these actions.[2] He has also filed applications to proceed *in forma pauperis* on appeal in all five cases,[3] and, in one of his cases, he filed a motion for a voluntary dismissal without prejudice.[4]

## II.     The Catchall Motion for Reconsideration

At the outset, the Court notes that it is inappropriate to file the exact same motion for reconsideration in five separate cases, especially when the cases are not at all similar. Clark is aware of this, as he has been instructed on numerous occasions not to file one document in multiple cases. Furthermore, Clark's catchall motion is unspecific and does not indicate exactly what Clark wants the Court to reconsider. Where Clark does make specific statements, he does not indicate to which of his cases the statements refer. In this respect, Clark runs afoul of the instructions contained in several of the orders this Court issued, which repeatedly

---

[2]    5078 Case, ECF 19; 5095 Case, ECF 12; 5207 Case, ECF 16; 5307 Case, ECF 12; 0015 Case, ECF 13.

[3]    5078 Case, ECF 27; 5095 Case, ECF 20, 22; 5207 Case, ECF 24; 5307 Case, ECF 20; 0015 Case, ECF 21.

[4]    0015 Case, ECF 12.

counseled that he should not attempt to join unrelated claims, issues, or defendants in a single action. On this basis alone, the Court denies the motion for reconsideration and need not consider the merits of Clark's catchall motion. LR 41.3(A)(2), NDGa (providing that a case may be dismissed for want of prosecution if a plaintiff fails or refuses to obey a lawful order of the Court). Even so, the Court explains why else the motion fails.

A motion for reconsideration may not be used to show the Court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003). Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Rather, such motions should be filed only when "a party believes it is absolutely necessary." *Id.* To prove absolute necessity, the moving party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan*, 246 F. Supp. 2d at 1258–59.

Clark has not shown any of the criteria that would warrant reconsideration of his cases. He does not provide the Court with newly discovered evidence, argue

a change in existing law, or point to a clear error of law or fact. Instead, Clark

mentions that he receives mental health treatment and that his cases are

complicated such that he needs the assistance of counsel. He also repeats

allegations from some of his various complaints. Put simply, Clark has in no way

demonstrated that he is entitled to reconsideration. For these reasons, Clark's

motion fails on the merits as well and is denied.

**III.    Clark's Applications to Appeal *In Forma Pauperis***

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma

pauperis if the trial court certifies in writing that it is not taken in good faith." *See*

*also* Fed. R. App. 24(a)(3)(A). "Good faith" is analyzed under an objective standard

and is shown when a party seeks review of any issue that is not frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without

arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.

2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991) (per curiam). A claim that is arguable, "but

ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala.*

*Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

This Court has reviewed the record in these cases, and it is abundantly clear

that they were all properly dismissed. Most of Clark's claims are frivolous on their

face or incoherent. In the few instances in which Clark might have had arguable claims, such as his many claims arising under 42 U.S.C. § 1983, they were time barred when he filed them. Where Clark filed objections to a report and recommendation, those objections failed to take specific issue with the report and recommendation's reasoning and often simply repeated the allegations in one or several of Clark's complaints, much like his catchall motion for reconsideration does. The Court thus concludes that there is no reasonable basis for an appeal and certifies that the appeal in each case is not taken in good faith.

## IV.    The 0015 Case

The 0015 Case, in particular, presents several motions that are due to be denied. Clark did not timely object to the final report and recommendation in this case, and on May 23, 2022, the Court adopted it and dismissed the complaint.[5] Clark then filed a "motion for continuance," deemed filed on July 11, 2022.[6] *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it."). Clark next filed a motion for reconsideration, deemed

---

[5]    ECF 8.

[6]    ECF 12.

filed on September 6, 2022,[7] and an amended notice of appeal, deemed filed on

September 7, 2022.[8] Clark followed these notices of appeal with two applications

to appeal *in forma pauperis*, filed on September 30 and October 5, 2022.[9]

Unlike in Clark's other cases, the Eleventh Circuit Court of Appeals

assumed jurisdiction of the 0015 Case and, on November 30, 2022, remanded the

case to this Court for the limited purpose of determining whether Clark's time for

appeal should be reopened.[10] On February 27, 2023, the Court found that Clark's

time for appeal merited reopening, and returned the case to the Eleventh Circuit

for further proceedings.[11] "[A]s a general rule, the filing of a notice of appeal

divests the district court of jurisdiction over those aspects of the case that are the

subject of the appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064

(11th Cir. 2001). Notwithstanding the Eleventh Circuit's limited remand discussed

above, this Court does not have jurisdiction over the 0015 Case. Accordingly, the

pending motions in the 0015 Case are denied for lack of jurisdiction.[12]

---

[7]   ECF 13.

[8]   ECF 17.

[9]   ECF 21; ECF 22.

[10]  ECF 24.

[11]  ECF 25.

[12]  ECF 12; ECF 13; ECF 21; ECF 22. Since this Court lacks jurisdiction, it cannot
      rule on the applications to appeal *in forma pauperis*. The Court of Appeals has

### V.      Clark's Ability to File in These and Future Cases

As  noted above, Clark is a serial filer of frivolous lawsuits. While "prisoners

have a constitutional right of access to the courts," it is "neither unconditional nor

absolute" and "may be counterbalanced by the traditional right of courts to

manage their dockets and limit abusive filings." *Smith v. United States*, 386 F. App'x

853, 857 (11th Cir. 2010) (cleaned up). The "[C]ourt has a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed

by others," and a litigant "can be severely restricted as to what he may file and

how he must behave in his applications for judicial relief." *Maid of The Mist Corp.*

*v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (11th Cir. 2010). "In the exercise of

this responsibility, a district court possesses 'considerable discretion. . . .'" *Sec. &*

*Exch. Comm'n v. Imperato*, 2020 WL 5264515, at \*1 (S.D. Fla. June 30, 2020) (quoting

*Procup v. Strickland*, 792 F.2d 1069, 1074–75 (11th Cir. 1986)), *aff'd* 2021 WL 4279545

(11th Cir. Sept. 21, 2021).

Considering Clark's abuse of this Court in filing multiple frivolous lawsuits

and successive meritless motions and applications to appeal, which have had the

inevitable effect of draining the Court's resources and denying others timely access

---

already assumed jurisdiction over the 0015 Case, so the Court need not decide
whether the associated appeal was taken in good faith.

to justice, Clark's ability to file cases is hereby restricted. *Cf. Dickey v. United States*, 856 F. App'x 809 (11th Cir.) (affirming the imposition of a filing restriction placed *sua sponte* and without notice on a *pro se* federal prisoner where the district court "did not completely foreclose . . . access to the courts" as the prisoner could "still give proposed filings to the court for . . . approval for docketing"), *cert. denied*, 211 L. Ed. 2d 286, 142 S. Ct. 472 (2021).

## VI.    Conclusion

The Court **DENIES** Clark's motion for reconsideration [1:21-cv-5078-SDG, ECF 19; 1:21-cv-5095-SDG, ECF 12; 1:21-cv-5207-SDG, ECF 16; 1:21-cv-5307-SDG, ECF 12; 1:22-cv-0015-SDG, ECF 13] and **DENIES** Clark leave to proceed *in forma pauperis* on appeal [1:21-cv-5078-SDG, ECF 27; 1:21-cv-5095-SDG, ECF 20, 22; 1:21-cv-5207-SDG, ECF 24; 1:21-cv-5307-SDG, ECF 20]. All other pending motions in these cases are **DENIED as moot**. This Court lacks jurisdiction over the 0015 Case, so Clark's motions for leave to proceed *in forma pauperis* [1:22-cv-0015-SDG, ECF 21, 22] and motion for a voluntary dismissal [1:22-cv-0015-SDG, ECF 12] are **DENIED**.

The Clerk is **DIRECTED** not to docket any additional papers filed by Clark in these cases or any other case without the express approval of Undersigned.

**SO ORDERED** this 31st day of March, 2023.

Steven D. Grimberg
United States District Court Judge